**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:10CR117** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **LARITA DUNCAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 28) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 16) filed by the Defendant, Larita Duncan, be denied. Duncan filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 29, 30) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

Judge Thalken provided a detailed account of the events surrounding Duncan's detention and search. The Court has considered the transcript of the hearing conducted by Judge Thalken and carefully viewed the evidence. (Filing Nos. 23, 26.) Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

## FACTUAL BACKGROUND

Briefly, Officer Kruse responded to a call about a possible armed party at a gas station who led officers on a pursuit. Officers stopped the vehicle and drew their weapons by the time Officer Kruse arrived. Duncan, a female, did not obey Officer Kruse's commands, was removed from the car, taken to the ground and handcuffed. Officer Kruse, a male, searched for and did not find weapons in Duncan's jacket pocket.

Officer Potts, a female, was concerned for officer and public safety and in her experience had found different types of weapons hidden in women's brassieres. Potts therefore conducted a pat search of Duncan's chest area. During the pat search she discovered two protrusions that she thought were narcotics. Duncan consented to the search of those items, and they were baggies of what appeared to be marijuana and cocaine.

Duncan was then charged, in this Court, with possession of crack cocaine. She seeks the suppression of evidence obtained as a result of the search of her person performed during her detention.

Following an evidentiary hearing, Judge Thalken issued oral findings of fact and conclusions of law and a brief Findings and Recommendation. Judge Thalken concluded that the actions of Officer Potts were reasonable under the circumstances, stating:

> First, Duncan was an occupant of the vehicle that matched the description of a vehicle with an armed party reported on Officer Potts' police cruiser radio. Second, Duncan had been a passenger in the vehicle that attempted to evade OPD officers during pursuit. Third, Duncan did not immediately obey Officer Kruse's commands to exit the vehicle. Fourth, Officer Kruse had only conducted a search for weapons of Duncan's jacket pockets, not the entirety of Duncan's person.

(Filing No. 28, at 4.)

Judge Thalken recommended that the motion to suppress be denied, and Duncan objects.

## ANALYSIS

Duncan argued that the pat search was invasive and performed without probable cause or reasonable suspicion. For reasons including those quoted above, Judge Thalken rejected Duncan's arguments. Duncan objected to Judge Thalken's findings and recommendation, arguing that Officer Potts, objectively, could not have feared for the safety of officers or others because Duncan was handcuffed and could not have reached any weapons that might have been present on her person.

The Eighth Circuit Court of Appeals has stated that a search for weapons can be reasonable even if a suspect does lacks immediate access to weapons, particularly where suspect is not under arrest. *United States v. Shranklen,* 315 F.3d 959, 962 (8th Cir. 2003). More specifically, the argument that a handcuffed individual no longer poses a threat to law enforcement officers has been rejected. *United States v. Robinson,* 222 Fed. Appx. 534, at **1 (8th Cir. 2007).

For these reasons, as well as those stated by Judge Thalken, and given the facts in this case, Duncan's argument is unpersuasive.

Therefore,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 28) are adopted in their entirety;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 29) are overruled; and

3. The Defendant's motion to suppress (Filing No. 16) is denied.

DATED this 21st day of July, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge